UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | NO. 2:07-CR-51 |
| ) | Greer/Inman |
| ISABEL DELGADO ) | |
| JUVENTINO RIOS CASTRO ) | |

## **REPORT AND RECOMMENDATION**

Defendants Castro and Delgado have filed motions to dismiss count 9 or count 10 of the indictment; or in the alternative, to consolidate those counts; or in the alternative, to compel the government to pursue one or the other of these counts, but not both. (Docs. 22 and 25).

In Count 1 of the Indictment, these two defendants are charged with conspiring to distribute, and possessing with the intent to distribute, 5 kilograms or more of cocaine. This count alleges that the conspiracy existed from September 2006 to on or about May 8, 2007.

Count 9 charges that on May 8, 2007, these defendants, aided and abetted by each other, *used and carried* a Beretta .9 mm handgun during and in relation to a drug trafficking crime, *viz*, the conspiracy described in Count 1.

Count 10 charges these defendants with aiding and abetting each other on May 8, 2007, with *possession of* a Star .9 mm handgun and a two-shot Derringer in furtherance of the drug trafficking conspiracy described in Count 1.

Defendant argues that these two counts are based on the same conduct or

circumstances. In other words, defendant argues that these counts are duplicative, and that one or the other should be dismissed.

The act of "using and carrying" a firearm during a drug trafficking crime and the act of "possessing" a firearm in furtherance of a drug trafficking crime are both criminalized in 18 U.S.C. § 924(c)(1)(A). Notwithstanding that the two offenses appear in the same paragraph, it is clear that they do describe separate offenses: Any person who, during and in relation to any . . . drug trafficking crime . . . . *or who*, in furtherance of any such crime, possesses a firearm . . . ." (Italics supplied). The use of the disjunctive "or who" clearly describes two independent crimes. Defendant does not argue to the contrary. Rather, defendant argues that the predicate facts can describe only one offense. The pertinent facts were stipulated.

On May 8, 2007, a search warrant was executed at the dwelling where these two defendants resided. At the time the warrant was executed, only the defendant Delgado was physically present. The defendant Castro had been arrested four minutes earlier at some other location. When the officers arrived, Delgado reached for a Beretta .9 mm handgun concealed in a laundry basket. The subsequent search of the premises revealed two more handguns, a Star .9 mm, and a two-shot Derringer. The United States concedes that, but for the fact Ms. Delgado reached for the Beretta .9 mm handgun in the laundry basket, there would not be a charge of using and carrying a firearm during and in relation to a drug trafficking crime as described in Count 9; there would only be a charge of possession of a firearm in furtherance of a drug trafficking crime as described in Count 10. However, the

government argues that the "use and carry" charge of Count 9 was the result Delgado's effort to reach that gun when the officers arrived. In other words, reaching for the handgun, so the United States argues, constituted "use and carrying;" and since Castro and Delgado were co-conspirators in the drug trade, and since they cohabited in this dwelling, each aided and abetted the other in the use and carrying of the Beretta handgun.

The court has concluded that the framework for the analysis of defendants' motions is as follows:

*With regard to Delgado*, did her attempt to grab the Beretta constitute using and carrying a deadly weapon during and in relation to a drug trafficking crime? If not, then obviously Castro could not aid and abet that offense, and Count 9 should be dismissed as to both defendants. If yes, are there any circumstances by which Castro could be guilty of aiding and abetting Delgado in her use and carrying of a deadly weapon in relation to a drug trafficking crime?

Defendant relies upon *Bailey v. United States*, 516 U.S. 137 (1995), in support of his argument that there must be some evidence that the defendant personally used a firearm in order to sustain a Section 924(c) conviction for using a deadly weapon during a drug trafficking crime. One of the petitioners in *Bailey* had been convicted of using or carrying a gun during and in relation to a drug trafficking crime on the basis of a loaded pistol found by the police in a locked bag in the trunk of his car after drugs had been found in the passenger compartment. The other defendant had been convicted of the same offense on the basis of an unloaded handgun that the police found in a locked trunk in her bedroom closet

after her arrest on drug charges. The Supreme Court reversed both § 924(c)(1) convictions for using and carrying a deadly weapon during and in relation to a drug trafficking crime. The court held that the "use" required to sustain a conviction for using and carrying a firearm during a drug trafficking offense must involve an "active employment" of the gun during and in relation to the predicate drug crime. *Id.* 143. Mere possession of the firearm is not enough, *id.* The "inert presence" of a firearm, i.e., presence of a stored firearm, is not enough. *Id.* 149. Indeed, even having a gun nearby to be used for an imminent confrontation is not enough. *Id.* The court gave specific examples of what would be considered "use": brandishing, displaying, bartering, striking with, firing, or attempting to fire a firearm. *Id.* 148. On the other hand, if a defendant merely refers to a firearm in his possession, and if that reference was intended to bring about a change in the circumstances of the underlying drug offense, then he is guilty of using a gun in relation to a drug trafficking offense. *Id.*

In light of *Bailey*, could Ms. Delgado conceivably be convicted of using and carrying a gun during and in relation to a drug trafficking crime? If the United States proves to the jury's satisfaction that Ms. Delgado managed to get the weapon in her hand, there could be little disagreement that a conviction for using and carrying must be upheld under *Bailey*, inasmuch as brandishing and displaying a weapon were two of the specific examples of "use" listed by the Supreme Court.

Under *Bailey*, the gun's proximity to Delgado, even if it was "at the ready" to be used to protect a stash of drugs and drug money, would not support a conviction for using and carrying a deadly weapon. *Id.* 149. But what if she attempted to grab it, but was

unsuccessful only because she was physically restrained by the police, or decided at the last second not to take it into her hand because of her fear that she would be shot? Is an unsuccessful attempt to grab a firearm an "active employment" under *Bailey*? *Bailey* does not specifically answer this question, but such an attempt seems to be more closely akin to the Supreme Court's examples of what does constitute active employment (brandishing, attempting to fire, etc.) than it is to a mere "inert presence." Therefore, depending upon the evidence presented, it is conceivable that Ms. Delgado could be properly found guilty for using and carrying a firearm in relation to a drug trafficking offense based upon her attempt to grab the handgun when the police entered.

Then we arrive at the last question: Are there any circumstances by which Castro could be convicted of aiding and abetting Delgado? Depending upon the proof presented by the United States, it is possible.

> [T]o sustain a conviction under Section 924(c) for aiding and abetting, the government must prove "that the defendant, as the accomplice, associated and participated in the use of a firearm in connection with the underlying . . . crime." *United States v. Franklin*, 415 F.3d 537, 554-55 (6th Cir. 2005) [citing *Rattigan v. United States*, 151 F.3d 551, 558 (6th Cir. 1998) (citations omitted)], *see also, United States v. Morrow*, 977 F.2d 222, 231 (6th Cir. 1992). The government can meet that burden by showing that the defendant both knew that the principal was armed and acted with the intent to assist or influence the commission of the underlying predicate crime. *Franklin*, 415 F.3d at 554-55.

*United States v. Gardner*, 488 F.3d 700, 712 (6th Cir. 2007).

In *United States v. Wade*, 318 F.3d 698 (6th Cir. 2003), the defendant was convicted of carrying a firearm during and in relation to a drug trafficking crime solely on the basis of evidence that his co-conspirator (in the drug offense) carried a gun. After noting that a

defendant can be convicted for the criminal acts of a co-conspirator so long as the crime was foreseeable and committed in furtherance of the conspiracy, *id.*, 701, the Court of Appeals nevertheless held that the evidence was insufficient to sustain the defendant's firearm conviction. Although it legitimately can be inferred that a defendant in a drug conspiracy should have foreseen that his co-conspirator would possess a firearm, that inference must be supported by more than "a mere general presumption that drug transactions involve guns." *Id.* 702. Further, the defendant's degree of involvement in the drug conspiracy is an appropriate inquiry to determine if he should have foreseen his co-conspirator's possession of a firearm. *Id.* 703.

Thus, if the defendants are convicted of the conspiracy count, *and if* the United States presents evidence that Castro knew that there were firearms in the dwelling, *and if* he should have foreseen that Ms. Delgado very well could use or attempt to use one of those firearms to protect the drugs and drug money, then he could be guilty of aiding and abetting Delgado in the use of a firearm in relation to a drug trafficking crime.

Obviously, in the foregoing analysis there are many "ifs;" none of these contingencies can be determined at the pretrial stage. All that can be decided at this juncture is that it is definitely possible, depending upon the proof ultimately presented at trial, that Delgado could be guilty of using a firearm during and in relation to a drug trafficking crime and, if she is, it also is possible that Castro could be guilty of aiding and abetting Delgado in her commission of that offense. Therefore, it would be inappropriate to dismiss either Counts 9 or 10 as defendant requests, or to consolidate these counts, or to force the United States to

pursue one or the other but not both. Accordingly, it is recommended that the defendant's motion be denied at the present time, and reconsidered by the district judge after he has heard all the United States' proof.[1]

Respectfully submitted,

                                                          s/ Dennis H. Inman
                                            United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be filed within ten (l0) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1)(B) and (C). *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).