UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:07-CR- 51 |
| | ) | JUDGE GREER |
| JUVENTINO R. CASTRO | ) | |

## ORDER

This matter is before the Court on the Report and Recommendation of the United States Magistrate Judge [Doc. 36], recommending that the defendant's motion to suppress [Doc. 20] be denied. The defendant has objected to the Report and Recommendation [Doc. 37]. For the reasons which follow, and after careful consideration and *de novo* review of the Report and Recommendation, it is **ORDERED** that the defendant's objection is **OVERRULED**, the report and recommendation is **ADOPTED** and **APPROVED** and the defendant's motion to suppress is **DENIED**.

No evidence was offered at the suppression hearing and the only issues are ones of law. The Magistrate Judge stated, and the defendant agrees, that the motion to suppress presents three issues as to the validity of the state court issued search warrant:

> (1) The search warrant directed the executing officer to search the premises of 893 Rippetoe Street in Morristown, Tennessee. It is undisputed that there is no such address; the correct address is 893 Rippetoe Avenue.
>
> (2) The search warrant contained no specified time limit for its execution, contrary to Rule 41(e)(2)(A) of the Federal Rules of Criminal Procedure.
>
> (3) The affidavit did not state probable cause for the issuance of the search warrant.

Having made a *de novo* determination of the objected to Report and Recommendation, this Court concurs with the findings and recommendations of the Magistrate Judge and accepts and adopts the report and recommendation in its entirety.

Because the Magistrate Judge determined that the affidavit stated probable cause, the Magistrate Judge did not consider the government's assertion that, even if the defendant could demonstrate that the affidavit lacked probable cause, the good faith exception to the exclusionary rule would apply. This Court agrees with the government. In *United States v. Leon*, 468 U.S. 897, 104 S. Ct. 3430, 82 L. Ed. 2d 677 (1984), the United States Supreme Court held that suppressing evidence is not the inevitable consequence of an illegal search and set forth the circumstances in which the fruits of an illegal search may be admitted into evidence. *Leon* stands for the proposition that "[c]ourts should not suppress 'evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant.'" *United States v. Carpenter*, 360 F.3d 591, 595 (6th Cir. 2004) *(en banc)* (quoting *Leon*, 468 U.S. at 922, 104 S. Ct. 3405). The *Leon* inquiry is limited to the "objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." *Leon*, 468 U.S. at 922 n. 23, 104 S. Ct. 3430.

The *Leon* "good faith" exception is not boundless. Nevertheless, the affidavit in this case contained a minimally sufficient nexus between the illegal activity and the place to be searched to support an officer's good-faith belief in the warrant's validity, even if the court assumes the information provided did not establish probable cause. The affidavit contained more than "bare bones" assertions and was not so facially deficient as to not have been reasonably presumed to be valid. Whether the search warrant was supported by probable cause may be debatable in this case, but the good faith of the officers conducting the search is not. Under the facts of this case, the Court

2

FINDS that the officers acted in good faith in relying on the warrant to support the search. For this reason also, the defendant's motion to suppress is DENIED.

SO ORDERED.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE